**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 1 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10158 |
| Plaintiff-Appellee, | D.C. No. CR-04-00284-PCT-DLR |
| v. | |
| RONALD GENE ROSS, JR., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted June 18, 2021[**]
San Francisco, California

Before: M. SMITH and VANDYKE, Circuit Judges, and GORDON,[***] District
Judge.

Defendant Ronald Gene Ross, Jr. was convicted of one count of receiving

child pornography in violation of 18 U.S.C. § 2252A(a)(2). He was sentenced to 78

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Andrew P. Gordon, United States District Judge for
the District of Nevada, sitting by designation.

months in prison and a lifetime term of supervised release. In 2020, the district court revoked his supervised release and sentenced him to 72 days in custody and lifetime supervised release. Ross challenges two conditions of supervised release related to polygraph exams that may be conducted as part of his treatment program. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

The government contends that this case is not ripe for review. However, "[a] term of supervised release, even if contingent, is part and parcel of the defendant's sentence and can be challenged on direct appeal." *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006). Ross asserts a facial challenge to alleged inconsistencies in his conditions of supervised release so that challenge is ripe for review.

Ross argues that the conditions violate his Fifth Amendment rights because he may be discharged from the required treatment program based on a valid invocation of the Fifth Amendment during polygraph exams, and the discharge could lead to revocation of his supervision. "We review the district court's decision to impose conditions of supervised release for abuse of discretion." *United States v. Stoterau*, 524 F.3d 988, 1002 (9th Cir. 2008). "[W]e review de novo claims that such conditions violate the Constitution." *United States v. Evans*, 883 F.3d 1154, 1159–60 (9th Cir. 2018).

The conditions do not violate the Fifth Amendment. "[A] defendant retains his Fifth Amendment rights during" polygraph exams. *Stoterau*, 524 F.3d at 1003–

2

04 (citation omitted). The absence of language ensuring compliance with the Fifth Amendment does not render the condition unconstitutional or otherwise infirm. The government admits that Ross's supervised release cannot be revoked based on a valid invocation of the Fifth Amendment during a polygraph exam.

The judgment of the district court is **AFFIRMED.**